WILLARD M. POTTER v. THE JOHN HUTCHINSON MANUFACTURING COMPANY.

*Corporations—Service of process.*

Since the passage of Act No. 242, Laws of 1887, service of process may be made upon the proper officers of a corporation in the county where the plaintiff resides, although its business office is located in another county; the Legislature intending to place corporations upon the same footing as individuals as regards service of process against them.

Error to Eaton. (Hooker, J.) Argued January 9, 1890. Decided January 17, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Thomas A. Wilson,* for appellant.

*John M. Corbin,* for plaintiff.

MORSE, J. The only question in this case is the validity of the service of summons issued out of the circuit court

for the county of Eaton as commencement of suit.    The plaintiff resides in Eaton county.    The defendant is.a manufacturing corporation organized and existing under the laws of this State, with its business office located in the county of Jackson.    At the date of the commencement of this action it was organized and doing business under Act No. 232, Laws of 1885.

Section 3 of Act No. 242, Laws of 1887, provides that—

"Suits against corporations may be commenced by writs of summons or by declaration, in the same manner that personal actions may be commenced against individuals; and such writ, or a copy of such declaration, in any suit against a corporation, shall be served on the presiding officer, cashier, secretary, or treasurer, or any other officer or agent of such corporation, or by leaving the same at the banking-house or office of such corporation, *and may be served in any county in the State where the plaintiff resides:    Provided,* that in any county of the State where said plaintiff may reside, other than the one wherein the principal office of such corporation may be located, a writ of attachment may be the first process against such corporation, which shall be served in the same manner as other writs of attachment issuing out of the court wherein suit is commenced; and upon the return· of such service being made such corporation shall be deemed to be in court, and the like proceedings, as near as may be, shall be thereupon had as in cases of suits against individuals."

All acts or parts of acts inconsistent with this section are repealed; and the law is applicable to all corporations except railroad companies whose right of way, or any part of the same, is within the State, and navigation companies or corporations.

The service in this case was made within the county of Eaton, upon John Hutchinson, the president of the defendant corporation, personally.    The defendant claims that this writ could not be served in Eaton county, but that service must be had in Jackson county, wherein is located the business office of the defendant corporation.

Its counsel relies upon the decisions of this Court under prior statutes, which are not applicable here, and therefore need not be discussed or noted.

The service was in conformity to the statute of 1887, and valid. The Legislature evidently intended to place corporations upon the same footing as individuals, as respects service of process against them; and its power to do so is undoubted.

The judgment is affirmed, with costs. The record will be remanded, and the defendant allowed the usual time in which to plead over, if it so desires

The other Justices concurred.